UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:20-mj-70676-MAG |
| Plaintiff, | DETENTION ORDER |
| v. | |
| ANTHONY ORAZIO FAVA, | |
| Defendant. | |

For the reasons stated in open court on June 8, 2020, and considering the parties' proffers, the criminal complaint, Pretrial Services' report, and the factors set forth in 18 U.S.C. § 3142(g), the court orders the defendant detained. Based on the current record, the court determined that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of the community or the appearance of the defendant at future court appearances. 18 U.S.C. §§ 3142(e) and (f). Conditions might be fashioned to address the risk of flight but on this record, conditions of release cannot reasonably address the risks to the community. In particular, the defendant has multiple firearm-and-ammunition possessions, he has exhibited volatile behavior (such as the circumstances surrounding his apprehension on in March 2020, among other circumstances), and his performance on supervision has been poor. In addition to the risks that the behaviors pose to the community, they raise concerns about the defendant's ability to comply with the conditions of supervision.

1   The court recognizes the backdrop of drug use and the possible utility of treatment. Defense counsel also proffered evidence about the traumatic events that the defendant has experienced. Finally, the criminal history is extensive, but given the nature of the offenses, the sentences are lower than one might expect (suggesting some context that the bail study does not reveal). That said, these issues do not change the conclusion that on this record, detention is warranted.

The court orders the defendant detained without prejudice to his revisiting the issue of bail at a later hearing. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id*. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id*. § 3142(i)(4).

**IT IS SO ORDERED.**

Dated: June 8, 2020

_____
LAUREL BEELER
United States Magistrate Judge